UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELWOOD IAN LLEWELLYN FOX, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) 2:21-cv-00197-NT |
| | ) |
| CUMBERLAND COUNTY JAIL, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION**

Petitioner seeks a writ of habeas corpus for an alleged unlawful detention and imposition of excessive bail. (Petition, ECF No. 1.) Following a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition.

**FACTUAL BACKGROUND**

Petitioner alleges that he was unlawfully arrested and held in Cumberland County Jail for several days in March 2021 on a charge of contempt of court and for one day in June 2021 on a charge of failure to appear in court for another matter. The state court matters are evidently still pending. Petitioner also claims the approximately $35,000 bail imposed as a condition of his release was excessive.

**STANDARD OF REVIEW**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court." *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . .").[1]

## DISCUSSION

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts generally abstain from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings.  *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Abstention is called for "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges."  *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990).  Petitioner does not assert that the state criminal

---

[1] Petitioner did not cite § 2254 or any of the other statutory provisions governing the writ of habeas corpus. Because Petitioner is evidently not in custody pursuant to a state court judgment, it is § 2241, rather than § 2254, that covers the petition here.  However, "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions." *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

proceedings have reached a final resolution, and the recent date of the second bail dispute, June 8, 2021, suggests the proceedings are most likely still ongoing. The criminal proceedings alleged in the petition are judicial in nature, implicate important state interests associated with the State's administration of its laws, and the state court system affords Petitioner an adequate opportunity to raise federal constitutional challenges. Abstention, therefore, is presumptively appropriate.

Indeed, "[c]ourts have consistently applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances." *Enwonwu v. Mass. Superior Court, Fall River*, No. 1:12-cv-10703, 2012 WL 1802056, at *3 n. 7 (D. Mass. May 16, 2012). In this case, Plaintiff has not alleged any facts that would constitute the extraordinary circumstances necessary to overcome the presumption in favor of abstention. Dismissal, therefore, is appropriate.[2]

---

[2] Even if the state court criminal proceedings have reached final judgment, dismissal would still be appropriate here because Petitioner must exhaust his state court appellate and postconviction remedies before pursuing a § 2254 habeas petition in federal court. *See* 18 U.S.C. § 2254(b)(1)(A); *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). To the extent Petitioner intended to seek relief pursuant to 42 U.S.C. § 1983, he would be required to file an application to proceed in forma pauperis, at which point the court would review Petitioner's legal claims pursuant to 28 U.S.C. § 1915 and dismiss the action if the complaint is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As with Petitioner's habeas petition, *Younger* abstention bars his § 1983 claims while the state proceedings are pending. Furthermore, even if the state criminal proceedings have reached final judgment, Petitioner would be required to invalidate his conviction through appellate or postconviction remedies before pursuing damages in federal court for any allegedly unconstitutional actions which lead to his state criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

## CONCLUSION

Based on the foregoing analysis, as to Petitioner's request for habeas relief, following a review in accordance with Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of August, 2021.